## In re VAN DUSEN.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

COSTS (§ 226*)—COSTS ON APPEAL—STATUTES—"FINAL ORDER."

As an order, overruling objections to an application for the appointment of commissioners to determine the necessity of a proposed highway and appointing commissioners, is not a final order within Code Civ. Proc. § 2550, defining a "final order" as the final determination of the rights of the parties, on appeal resulting in affirmance with costs of the appeal, the costs must be awarded in accordance with section 3239, providing for costs on appeal from an interlocutory order, and not in accordance with section 3240, providing for costs in a special proceeding, and the costs must be limited to $10 and disbursements, as provided by section 3251.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 845; Dec. Dig. § 226.*

For other definitions, see Words and Phrases, vol. 3, p. 2802.]

Appeal from Special Term, Warren County.

In the matter of the application of Orville J. Van Dusen to lay out a highway in the Town of Caldwell, Warren County. From an order denying a new taxation of costs on appeal, the landowners opposing the application appeal. Modified and affirmed.

See 128 App. Div. 933, 113 N. Y. Supp. 1149.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. A. Kellogg, for appellant.

T. D. Trumbull, Jr., for respondent.

SEWELL, J. Upon the application for the appointment of commissioners to determine upon the necessity of a highway, the appellants, the landowners, appeared and opposed the application. The objections were overruled, and an order was made appointing the commissioners. An appeal was taken from the order to this court, where the order was affirmed, "with costs of said appeal to the respondent." The respondent proceeded to tax the costs and disbursements, which consisted of the following items: Before argument, $20; for argument, $40; disbursements, $7.26. The appellants, insisting that the respondent was only entitled to $10, motion costs, and disbursements, applied to the Special Term for an order directing a new taxation. The motion was denied, and this appeal was taken.

We are decidedly of the opinion that the costs should have been taxed as upon an appeal from a simple order, and not at the full rate allowable in an action. The order appointing the commissioners did

not determine the right of the parties or end the proceeding, and therefore was not a final order. Section 2550, Code Civ. Proc. It amounted to a motion in the proceeding and nothing more, and it is quite manifest that the costs awarded should be in accordance with section 3239, and not as costs upon an appeal in a special proceeding under section 3240. The hearing of the appeal to the Appellate Division is to be regarded as a motion for the purpose of costs, and the same sum might have been allowed as on the decision of a motion, $10 and disbursements. Section 3251. The amount was not fixed by the court in the order of affirmance; but the decision that the respondent have costs of the appeal may be deemed an award of the full amount of costs allowed to a prevailing part upon a motion, under section 3251 of the Code of Civil Procedure.

It follows that the items of costs objected to should have been disallowed, and that the order denying the motion for a new taxation must be modified so as to allow the respondent to tax costs pursuant to section 3239 of the Code of Civil Procedure, with $10 costs and disbursements. All concur.